**Wilbert M. SHERIDAN, Appellant,**

v.

**O. B. ELLIS, General Manager, Texas Prison System, Appellee.**

**No. 15210.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1954.

———◆———

Willis E. Gresham, Asst. Atty. Gen., for appellee.

Before BORAH, RIVES, and TUTTLE, Circuit Judges.

PER CURIAM.

Petitioner below, appellant here, a prisoner in custody under a state court sentence, sought habeas corpus relief therefrom. The district judge denied the petition and also refused to issue a certificate of probable cause, and the appellee, through the Attorney General of the State of Texas, has moved to dismiss the appeal on the ground that, in the absence of a certificate of probable cause as required by Section 2253, Title 28 U.S.C.A., this Court is without jurisdiction to entertain the appeal. This being so,[1] and neither the Court nor any member thereof finding any basis in the record for the issuance of such certificate, the motion is granted and the appeal is dismissed.

**Tony MARTELIANO, Appellant,**

v.

**O. B. ELLIS, General Manager, Texas Prison System, Appellee.**

**No. 15154.**

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1954.

1. Harris v. Ellis, 5 Cir., 204 F.2d 685.

Tony Marteliano, in pro. per.

Willis E. Gresham, Asst. Atty. Gen., John Ben Shepperd, Atty. Gen., J. Fred Jones, Asst. Atty. Gen., for appellee.

Before BORAH, RIVES, and TUTTLE, Circuit Judges.

PER CURIAM.

 Petitioner below, appellant here, a prisoner in custody under a state court sentence, sought habeas corpus relief therefrom. The district judge denied the petition and also refused to issue a certificate of probable cause, and the appellee, through the Attorney General of the State of Texas, has moved to dismiss the appeal on the ground that, in the absence of a certificate of probable cause as required by Section 2253, Title 28 U.S. C.A., this Court is without jurisdiction to entertain the appeal. This being so,[1] and neither the Court nor any member thereof finding any basis in the record for the issuance of such certificate, the motion is granted and the appeal is dismissed.

Warren E. Burger, Asst. Atty. Gen., Marvin C. Taylor, Washington, D. C., J. Leonard Walker, Louisville, Ky., for appellant.

H. T. Lively, Louisville, Ky., George H. Wyatt, Detroit, Mich., Joseph L. Lenihan, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The issue in the above cause on appeal is whether a motor vehicle, commonly known as a jeep, should be classified as a passenger automobile, a freight automobile, or a dumping and hauling vehicle, for purposes of railway transportation charges in schedules filed with the Interstate Commerce Commission. The district court held that the jeep is properly classified as a passenger vehicle and is subject to transportation charges as such a vehicle, in accordance with the published tariffs on file with the Interstate Commerce Commission; and it appearing that the findings of fact of the district court were not clearly erroneous, but were sustained by substantial evidence; and that the district court properly applied the law to the facts so found; and the court being duly advised,

**UNITED STATES of America,
Defendant-Appellant,**

v.

**LOUISVILLE & NASHVILLE RAILROAD, Plaintiff-Appellee.**

**No. 11972.**

United States Court of Appeals, Sixth Circuit.

Oct. 20, 1954.

1. Harris v. Ellis, 5 Cir., 204 F.2d 685.