HARRIS v. ELLIS.

No. 14445.

United States Court of Appeals
Fifth Circuit.

May 29, 1953.

George Harris, in pro. per.

Willis E. Gresham, Asst. Atty. Gen., of Texas, for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

The appellant is confined in the Texas State Penitentiary under a sentence of life imprisonment imposed by the Tarrant County Criminal District Court of Fort Worth, Texas on June 8, 1946. Upon a charge of passing a forged instrument and in violation of the Habitual Criminal Act of Texas, Vernon's Ann.P.C. arts 61 to 64, he was tried and found guilty by a jury in that court on June 3, 1946.

After having unsuccessfully challenged the legality of his detention by habeas corpus proceedings in the courts of the State of Texas and having been denied certiorari by the Supreme Court of the United States, he applied to the United States District Court for the Southern District of Texas for a writ of habeas corpus. The district court denied his petition and declined to issue a certificate of probable cause, but permitted him to file his notice of appeal in forma pauperis.

Section 2253, Title 28 U.S.C.A. provides that "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

In the absence of a certificate of probable cause, the order of the district court is not reviewable by this court. Brite v. People of the State of California, 9 Cir., 178 F.2d 925; Hopson v. Smyth, 4 Cir., 182 F.2d 936; Ex parte Farrell, 1 Cir., 189 F.2d 540, 543.

We take this opportunity, however of saying that we find in the record no adequate basis for the issuance of a certificate of probable cause and no reason to believe that the district court lawfully could have done otherwise than deny the appellant's petition. The appellant made no substantial showing of the denial of any federal right and upon the authority of Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Darr v. Burford, 339 U.S. 200, 203, 204, 70 S.Ct. 587, 94 L.Ed. 761, the appeal is dismissed for want of jurisdiction.