NOWAKOWSKI *v.* MARONEY, CORRECTIONAL SUPERINTENDENT.

No. 222.  Argued March 13, 1967.—Decided April 10, 1967.

*Daniel J. O'Hern,* by appointment of the Court, 385 U. S. 804, argued the cause and filed a brief for petitioner.

*William E. Pfadt* argued the cause and filed a brief for respondent.

PER CURIAM.

The petitioner, a prisoner in the Pennsylvania penal system, sought a writ of habeas corpus from the United States District Court for the Western District of Pennsylvania.  He alleged, among other things, that his appointed counsel in the state trial which resulted in his conviction had been ineffective, and that he had therefore been denied the aid and assistance of counsel guaranteed by the Constitution.  *Gideon* v. *Wainwright,* 372 U. S. 335.  The District Court granted Nowakowski a hearing and appointed a lawyer to assist him.  Following the hearing and "[v]iewing the record of the trial and the habeas corpus hearing as a whole" the court concluded that Pennsylvania "cannot be convicted of denying effective aid and assistance of counsel to the relator . . . ."  However, the District Judge issued the certificate of probable cause necessary to allow a person in state custody to appeal a denial of federal habeas corpus.  28 U. S. C. § 2253.

The lawyers who assisted the petitioner at the habeas hearing were then allowed to withdraw by the District Court. Nowakowski subsequently petitioned the Court of Appeals for the Third Circuit to allow him to appeal *in forma pauperis* from the District Court's denial of relief. He also asked to be allowed to proceed in the Court of Appeals on written briefs and sought the appointment of counsel. That court denied the petition in the following order:

> "Upon consideration of appellant's petition for leave to proceed in forma pauperis and to file handwritten briefs; and for appointment of counsel in the above-entitled case;
>
> "It is ORDERED that the petition be and it hereby is denied."

Following the Third Circuit's denial of Nowakowski's petition for rehearing, he sought a writ of certiorari from this Court. It was granted, as was his motion to proceed *in forma pauperis*. 384 U. S. 984.

We hold that the Court of Appeals erred in denying the petitioner the right to appeal after the District Judge had issued a § 2253 certificate of probable cause. It is established law that a circuit judge or justice entertaining an application for a certificate should give "weighty consideration" to its prior denial by a district judge. *Sullivan* v. *Heinze*, 250 F. 2d 427, 429; Sokol, Federal Habeas Corpus § 17, at 94 (1965). Cf. *In re Woods*, 249 F. 2d 614, 616. But when a district judge grants such a certificate, the court of appeals must grant an appeal *in forma pauperis* (assuming the requisite showing of poverty), and proceed to a disposition of the appeal in accord with its ordinary procedure.

The order of the Court of Appeals for the Third Circuit is therefore vacated and the case is remanded for further proceedings consistent with this opinion.