GARRISON *v.* PATTERSON, WARDEN.

No. 791, Misc. Decided May 27, 1968.

*E. Barrett Prettyman, Jr.,* and *Isaac Mellman* for petitioner.

*Duke W. Dunbar,* Attorney General of Colorado, *Frank E. Hickey,* Deputy Attorney General, and *John P. Moore,* Assistant Attorney General, for respondent.

PER CURIAM.

On November 27, 1959, petitioner was found guilty of first degree murder by a Colorado jury, which fixed his penalty at death. Following subsequent state proceedings, he sought a writ of habeas corpus in the United States District Court for the District of Colorado. He alleged that he had received inadequate representation

by appointed trial counsel,[1] that the trial court had not properly determined the voluntariness of confessions admitted against him, and that the procedure used to determine his sanity fell short of constitutional requirements. On June 2, 1967, the District Court denied the writ, denied a certificate of probable cause to appeal, see 28 U. S. C. § 2253, but granted a stay of execution to June 16, 1967, to allow time for appeal. The District Court filed a written opinion and order to that effect on June 5, 1967.

Three days later, on June 8, petitioner's attorneys filed with the Court of Appeals for the Tenth Circuit a three-page document requesting a further stay of execution, a certificate of probable cause to appeal, and leave to appeal *in forma pauperis*. This document merely stated the formal history of the case in numbered paragraphs, noted one of the issues, and alleged that "this petition merits further hearing by this Court." On the following day, June 9, counsel were heard orally by a panel of the Court of Appeals. The hearing was not recorded. The court granted a further stay of execution. On June 18, without further argument or submissions by counsel, the Court of Appeals issued an order granting the certificate of probable cause, and, in the next sentence, affirming the District Court's denial of habeas corpus. Petitioner sought a writ of certiorari in this Court, alleging that the procedure followed by the Court of Appeals violated the standards established by, or implicit in, *Nowakowski* v. *Maroney,* 386 U. S. 542.

We grant the writ, vacate the judgment of the Court of Appeals, and remand to that court for further appro-

---

[1] Petitioner's statement of facts alleges not only that trial counsel was guilty of egregious neglect at trial but also that there were understandable reasons: there is said to be evidence that during the period of the trial the attorney's attention was preoccupied with other matters, to wit, the commission of a series of felonies.

priate proceedings. *Nowakowski, supra,* held that when a district court grants a certificate of probable cause the court of appeals must "proceed to a disposition of the appeal in accord with its ordinary procedure." 386 U. S., at 543. The principle underlying that decision was that if an appellant persuades an appropriate tribunal that probable cause for an appeal exists, he must then be afforded an opportunity to address the underlying merits. This principle is no less applicable when a court of appeals, having received submissions relating only to probable cause and other procedural matters, decides that probable cause indeed exists.

As we only recently noted in *Carafas* v. *LaVallee, ante,* p. 234, at 242, *Nowakowski* does not prevent the courts of appeals from adopting appropriate summary procedures for final disposition of such cases. *Carafas* requires the courts of appeals to give sufficient indication that an appeal has been disposed of on the merits, but nothing in *Nowakowski* and nothing we say here prevents the courts of appeals from considering the questions of probable cause and the merits together, and nothing said there or here necessarily requires full briefing and oral argument in every instance in which a certificate is granted. We hold only that where an appeal possesses sufficient merit to warrant a certificate, the appellant must be afforded adequate opportunity to address the merits, and that if a summary procedure is adopted the appellant must be informed, by rule or otherwise, that his opportunity will or may be limited.[2] Within this

---

[2] In an effort to determine whether the merits had been addressed, and whether petitioner was on notice that they should be addressed in full, at the unrecorded hearing on June 9, this Court solicited further submissions from the parties in this case. Petitioner replied that the merits had been raised only to the extent necessary to show grounds for a certificate of probable cause. Respondent replied that petitioner was given all the time he wanted. Respondent was

general framework, the promulgation of specific procedures is a matter for the courts of appeals.

The motion to proceed *in forma pauperis* and petition for a writ of certiorari are granted. The judgment of the Court of Appeals affirming the judgment of the District Court is vacated, and the case is remanded for further proceedings in conformity with this opinion. The stay of execution heretofore granted by MR. JUSTICE WHITE is continued in force pending the disposition of the matter by the Court of Appeals, on condition that the petitioner proceed with due diligence in that court.

*It is so ordered.*

---

unable, however, to point to any rule or decision forewarning an applicant for a certificate of probable cause to make his argument on the underlying issues in full.