**Forrest Cummings GREEN, Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Appellee.**

**No. 9918.**

United States Court of Appeals
Tenth Circuit.

April 23, 1969.

Before MURRAH, Chief Judge, and LEWIS, Circuit Judge.

PER CURIAM.

This is an appeal from the denial of a petition for a writ of habeas corpus by the Federal District Court. In 1967, Green pleaded guilty to violation of 76–7–6, Utah Code Annotated (1953), assault with a deadly weapon, a felony. He now contends that he should have been charged with the misdemeanor of exhibiting a deadly weapon in an angry and threatening manner in violation of 76–23–3, Utah Code Annotated (1953) since both statutes charge the same offense.

A conviction under the felony statute requires proof of an intent to do bodily harm. State v. Potello, 42 Utah 396, 132 P. 14 (1913). Proof of such intent is not necessary to sustain a conviction under the misdemeanor statute, nor is assault an element. Clearly the two statutes charge different offenses. However, since Green does not contend that the two statutes are being applied with discrimination, this matter raises no issue cognizable in federal habeas corpus. Handley v. Page, 398 F.2d 351 (10th Cir. 1968) ; Burns v. Crouse, 339 F.2d 883 (10th Cir. 1964), cert. denied 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811 (1965).

By his plea of guilty, Green admitted violation of the felony. A plea of guilty is itself a conviction and conclusive. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) ; Miles v. United States, 385 F.2d 541 (10th Cir. 1967). If Green attempts to show that the plea was involuntary or that he did not understand the nature of the charge, he must first present such claims to the state courts. 28 U.S.C. § 2254.

Although Green has been notified that the court was considering summary affirmance and has been given an adequate opportunity to address the merits of the cause, he has not done so. See Garrison v. Patterson, 391 U.S. 464, 88 S.Ct. 1687,

20 L.Ed.2d 744 (1968). A review of the files and record in this cause satisfies us that the issues are so unsubstantial as not to require further argument. The judgment is affirmed on the court's own motion.