**Charles Henry STEWART, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71–2099

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1971.

Ross Teter, Dallas, Tex. (Court Appointed) for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Dunklin Sullivan, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

BELL, Circuit Judge:

Appellant, a Texas state prisoner, sought federal habeas corpus relief from judgments of conviction entered on pleas of guilty to indictments for robbery. There was no evidentiary hearing in the district court, the matter having been determined adversely to appellant on the pleadings and record by a magistrate whose recommendations were adopted by the district court as its order.

■ We are faced at the outset with the fact that there has been no ruling by a district judge on an application for a certificate of probable cause as required by 28 U.S.C.A. § 2253.[1] Thus, the matter must be remanded to the district court for consideration by the appropriate district judge there of appellant's prayer for such a certificate.

We have given consideration to ruling on the application for the certificate in this court in the first instance. The requirements of 28 U.S.C.A. § 2253, and the procedures to be followed in the courts of appeals in administering the statute are contained in Rule 22(b), Federal Rules of Appellate Procedure, as follows:

(b) Necessity of Certificate of Probable Cause for Appeal. In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a state or its representative, a certificate of probable cause is not required.

The operation of this statute within the purview of Rule 22(b) is a two level procedure. First, the district court rendering the judgment complained of acts on the motion for the certificate. The court of appeals has jurisdiction of the appeal if the district court grants the certificate. The district court must state the reasons for denying the certificate. It would be proper for this court to grant the certificate under Rule 22(b). However, a denial of the certificate by this court would foreclose appellant from his first level right to a ruling by the district judge.

■ This right is one of substance as will be seen from the fact that Congress has vested absolute power in the district courts to allow habeas appeals by granting the certificate in the first instance. See Nowakowski v. Maroney, 1967, 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282. This is to be compared with the non-absolute power in the district courts to grant interlocutory appeals, i.e., both the district court and the court of appeals must assent to an interlocutory appeal. 28 U.S.C.A. § 1292(b). Under § 2253, a district judge, in his sole discretion, may

---

1. The statute, 28 U.S.C.A. § 2253, provides in pertinent part:

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

permit an appeal if probable cause to appeal is found.[2]

The cause is remanded to the district court for consideration of appellant's in-time application for a certificate of probable cause.

Remanded with direction.

---

2. We have equated probable cause in this circuit to a " * * * substantial showing of the denial of [a] federal right." Harris v. Ellis, 5 Cir., 1953, 204 F.2d 685.

The certificate of probable cause requirement is not to be confused with the test of frivolity in allowing forma pauperis appeal under 28 U.S.C.A. § 1915, as explicated in Coppedge v. United States, 1962, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21. On the difference in the test as between §§ 1915 and 2253, see Blackmun, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F.R.D. 343 (1967); Developments in the Law-Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1192–1195 (1970). These articles also point out that Congress has not extended the certificate of probable cause requirement to federal prisoners.

The importance of the certificate of probable cause may be seen in the experience in this court. In fiscal year 1970 there were 165 appeals by state prisoner habeas applicants. The certificates were granted in 145 of these cases by the district courts. We granted the certificate in 20 cases to make the total of 165. These 20 were granted out of a total of 137 applications to us where the certificate had been denied by a district judge. There were 126 such habeas appeals to this court in fiscal 1969, including 15 where we granted the certificate out of a total of 123 applications to us.