Jimmy Lee GORDON, Petitioner,

v.

Gerald D. WILLIS, Warden, Walker
County Correctional Institution,
Respondent.

Civ. A. No. C79–101R.

United States District Court,
N. D. Georgia,
Rome Division.

Dec. 4, 1980.

Jimmy Lee Gordon, pro se.

Susan V. Boleyn, Asst. Atty. Gen., John C. Walden, Senior Asst. Atty. Gen., Don A. Langham, First Asst. Atty. Gen., Robert S. Stubbs, III, Executive Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

HAROLD L. MURPHY, District Judge.

By order dated August 12, 1980, this Court denied Jimmy Lee Gordon's petition for habeas corpus. Petitioner has filed a timely request for a certificate of probable cause pursuant to 28 U.S.C. § 2253,[1] and a motion for leave to proceed in forma pauperis. The proper standard to apply in considering whether the issues are subject to a probable cause certificate has been articulated in a variety of ways. *See, e. g., Ramsey v. Hand,* 309 F.2d 947, 948 (10th Cir. 1962) ("substantial question"); *Bowlen v. Scafati,* 395 F.2d 692, 693 (1st Cir. 1968) ("possible merit"); *Poe v. Gladden,* 287 F.2d 249, 251 (9th Cir. 1961) ("not plainly frivolous"). In *Alexander v. Harris,* 595 F.2d 87 (2d Cir. 1979), the court thoroughly canvassed the linguistic variations employed by the federal courts and finally directed the district court that a § 2253 certificate should be granted if the petition "is not frivolous and ... presents some question deserving appellate review." *Id.* at 91.

The Fifth Circuit has equated probable cause to a "substantial showing of the denial of [a] federal right." *Harris v. Ellis,* 204 F.2d 685, 686 (5th Cir. 1953); *Stewart v. Beto,* 454 F.2d 268, 270 n.2 (5th Cir. 1971). Yet, the Court has warned that doubts should be resolved in favor of the petitioner. *Jones v. Warden, Louisiana State Penitentiary,* 402 F.2d 776 (5th Cir. 1968).

■ The Congressional purpose in enacting § 2253 was to "eliminate the abuse of the writ of habeas corpus in the federal courts by the undue interference with state processes incident to protracted appellate proceedings in frivolous cases." *United States ex rel. Winfield v. Cascles,* 403 F.Supp. 956 (E.D.N.Y.1975). Although this deference to the state has deprived the petitioner of his entitlement to appeal as a matter of right, the district court is still required to re-evaluate the claims presented and assess the nature of the issues. The issuance or denial of a § 2253 certificate must be preceded by a judicious evaluation of the merits, and not simply a ritualistic re-affirmation of the prior decision. *Strode v. Mississippi,* 456 F.2d 1295 (5th Cir. 1972).

■ In *Dillingham v. Wainwright,* 422 F.Supp. 259 (S.D.Fla.1976), *aff'd,* 555 F.2d 1389 (5th Cir. 1977), the district court distinguished a "weak" argument from one that was "frivolous." Even a "weak" argument—one which may be "well beyond the law's existing frontier but well within the frontier of rationality"—is properly certified under § 2253, whereas a "frivolous" argument—one for which no rational argument can be made—is not subject to § 2253 certification. *id.* at 261. Although this Court believes that an argument may be so weak as to become frivolous, the standard adopted in *Dillingham* is valid. In essence, this Court must reflect on the decision-making process which preceded the initial order. If there was considerable law supporting petitioner's argument, but stronger authority for the position of the respondent, then the certificate should be granted. On the other hand, if the precise issues have been litigated previously in the court, or were disposed of simply (as where the petitioner has not exhausted state remedies),[2] the certificate properly is denied. *See, e. g., Vera v. Beto,* 332 F.Supp. 1197 (S.D.Tex.1971); *Sullivan v. Heinze,* 250 F.2d 427 (9th Cir. 1957).

---

1. 28 U.S.C. § 2253 provides in pertinent part,

   An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.

2. Of course, even the issue of exhaustion may present a substantial question. *See e. g., Dixon v. Florida,* 388 F.2d 424 (5th Cir. 1968).

Of course, in the case of a petitioner proceeding *pro se*, the Court does not expect to see arguments formulated in such a way that they belong within the "frontier" of rationality", but rather, must decide whether an attorney, whose craft it is to mold the facts and law into a rational thesis, could succeed in making an argument which is neither frivolous, nor so weak as to border on mere palaver. *Baker v. Ellis*, 194 F.2d 865, 866 (5th Cir. 1952); *Loper v. Ellis*, 224 F.2d 901, 903 (5th Cir. 1955). In requiring a "question of some substance", or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues other than how this Court has; or that the questions are "adequate to deserve encouragement to proceed further." *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 56 (1957). *See generally*, Hunter, *Post Conviction Remedies*, 50 F.R.D. 153, 176 (1971); Blackmun, *Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases*, 43 F.R.D. 343, 351–54 (1967).

Although this Court is confident that its initial Order is correct, and will be affirmed, the Court also believes that some of the issues presented would benefit from appellate review. In particular, the validity of the line-up was an issue which troubled this Court in its initial determination. At the criminal trial, one of the witnesses stated that she had discussed the name of the petitioner with other witnesses prior to the line-up at which she identified the petitioner who was required to state his name at the line-up. Trial Transcript attached to Respondent's Exhibit No. 1, pages 26–27. Yet, at the hearing on the motion to suppress, the same witness testified that the name of the petitioner was never mentioned prior to the line-up. Hearing on Motion to Suppress, attached to Respondent's Exhibit No. 2, page 33.

The Court believes that its initial assessment of the line-up procedure (Magistrate's Report & Recommendation adopted as the order of the Court, pages 12–13) was correct, but involves an issue which deserves appellate review.

Petitioner's affidavit in support of his motion to proceed in forma pauperis is sufficient. Having decided that a § 2253 certificate of probable cause should be granted, the Court can grant the motion to proceed in forma pauperis with no additional showing of good faith. *Nowakowski v. Maroney*, 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

ACCORDINGLY, Petitioner's motion for a certificate of probable cause pursuant to 28 U.S.C. § 2253 is GRANTED; Petitioner's motion to proceed in forma pauperis is GRANTED.