Ernest John DOBBERT, Petitioner-Appellant,

v.

Charles E. STRICKLAND, Jr., et al., Respondents-Appellees.

No. 82–5121.

United States Court of Appeals, Eleventh Circuit.

Feb. 25, 1982.

Patrick D. Doherty, Gross & Doherty, Clearwater, Fla., Joe Nursey, for petitioner-appellant.

Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.

Before RONEY, KRAVITCH, and CLARK, Circuit Judges.

PER CURIAM:

Petitioner, a state prisoner scheduled for electrocution on February 2, 1982, filed a motion to stay the execution of sentence in this case pursuant to 28 U.S.C. § 2251. Because of time constraints, the motion was considered and granted before the panel had time to prepare a written opinion.

At about 7:30 p. m. on Saturday, January 30, 1982, the United States District Court for the Middle District of Florida denied petitioner's petition for writ of habeas cor-

1. 28 U.S.C. § 2253 provides in pertinent part:
   An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order of a circuit justice or judge issues a certificate of probable cause.

pus in a 32-page opinion. The following grounds for relief were considered:

1. insufficiency of the evidence;
2. refusal to consider relevant mitigating circumstances;
3. striking aggravating circumstances;
4. refusal to instruct jury on a lesser included offense;
5. the Supreme Court of Florida's improper ex parte consideration of extra-record materials;
6. systematic exclusion of death scrupled jurors;
7. improper overriding of jury's verdict of life imprisonment;
8. unconstitutionality of trial court overriding jury verdict of life and imposing a sentence of death;
9. improper restriction of mitigating circumstances;
10. refusal to sever counts;
11. improperly admitted prejudicial evidence;
12. improper closing argument;
13. unconstitutional aggravating evidence.

The district court issued a certificate of probable cause under 28 U.S.C. § 2253,[1] but denied a stay of execution of sentence. Upon the issuance of the certificate, the petitioner had an absolute right to appeal the final order of the district court to this Court. A review on the merits is required. *Nowakowski v. Maroney*, 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967).

Petitioner was under a death sentence and scheduled for execution on Tuesday, February 2, 1982, at 7:00 a. m. The appeal papers were delivered to the members of this panel on February 1, 1982.

The Fifth Circuit recently recognized that probable cause under this section requires something more than absence of frivolity and that it is a higher standard than the "good faith" requirement of 28 U.S.C. § 1915(a). *Clements v. Wainwright*, 648 F.2d 979, 981 (5th Cir. 1981).

■ It was apparent to the Court that a responsible review of the district court proceedings could not be accomplished prior to the scheduled time for execution of sentence. Petitioner's application for a writ of habeas corpus is his first assertion of most of his constitutional arguments in federal court. Although state-court fact findings properly made are presumed correct by the federal court in a § 2254 action,[2] *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), this Court is required to consider every legal challenge made pursuant to federal constitutional law. *Napue v. Illinois,* 360 U.S. 264, 271, 79 S.Ct. 1173, 1178, 3 L.Ed.2d 1217 (1959).

Issue number five presented by the petition for habeas corpus relief has never been decided by any federal appellate court. It was considered by the state court, *Brown v. Wainwright,* 392 So.2d 1327 (Fla.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). The issue is present in several similar appeals in which the sentences of execution have been stayed. *Antone v. Strickland,* No. 82–5120 (11th Cir., appeal filed Feb. 1, 1982) (order remanding to district court); *Ford v. Wainwright,* No. 81–6200 (11th Cir., appeal filed Dec. 7, 1981); *Witt v. Wainwright,* No. 81–5750 (11th Cir., appeal filed July 24, 1981); *Foster v. Strickland,* No. 81–5734 (11th Cir., appeal filed July 23, 1981).

■ Unless the execution of sentence is stayed in this case, the issues on appeal would become moot, and defendant would never have his day in this court on Constitutional issues. Because the brief period of time between the filing of this appeal and the scheduled execution is insufficient to consider properly the merits of the issues raised, this Court must stay the execution of the death sentence. Where the merits cannot be satisfactorily considered prior to execution of a scheduled death sentence, as in this instance, a stay should be granted. *Shaw v. Martin,* 613 F.2d 487 (4th Cir. 1980).

The motion for stay pending appeal is GRANTED. The appeal is ORDERED expedited to the earliest oral argument panel to which the case can be properly submitted.

2. 28 U.S.C. § 2254(d) provides:

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record.