No. A–504.  BROOKS v. ESTELLE, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS.  This matter was presented to JUSTICE WHITE on December 2, 1982, on an application for a stay of execution, and by him referred to the Court.

When the matter came before the Court the opinion of the United States Court of Appeals for the Fifth Circuit dated December 6, 1982, was before us.  That opinion after a review of the facts and procedural history concluded as follows:

> "Despite the eleventh-hour presentation of new issues, we have reviewed each of the new issues carefully and again reviewed each of the issues previously presented to us.  Each member of this panel is acutely aware that Brooks' life may depend on our action.  Each of us is determined to fulfill our sworn obligation to up-

hold and defend the Constitution and Laws of the United States, doing justice to the rich and to the poor alike, favoring neither the rich because he is rich, nor the poor because he is poor. We have the same duty to act impartially between the condemned and the state, favoring neither the state nor the condemned. That duty compels us to declare that we find no substantial question presented.

. . . . .

"The merits of Brooks' claims have been presented by a total of twelve lawyers, in nine separate hearings, and have by this time been reviewed by 23 judges, state and federal. Despite this, we would not hesitate to grant the stay were we aware of any argument of substance, any contention that would benefit by further briefing and oral argument. The application for stay has received the sober, reasoned, and deliberate consideration of Brooks' claim that the irrevocable nature of the penalty demands. Our granting of yet another stay at this late hour for further review of claims so often considered and of such little merit would be abdication of our duty to face and decide the issue before us in accordance with the Constitution and Laws of the United States.

"For these reasons, the application for stay is denied."

(1) Addressing first the application for a stay of execution, reconsideration of which was denied by the United States Court of Appeals for the Fifth Circuit, the application for a stay of execution is hereby denied.

(2) This Court denied applicant's petition for a writ of certiorari on June 29, 1981, *Brooks* v. *Texas*, 453 U. S. 913, and denied rehearing on September 23, 1981, 453 U. S. 950; treating the papers filed since then as a second petition for rehearing of the denial of certiorari, the same is hereby denied.

(3) Treating the papers filed since December 2, 1982, as a petition for certiorari, or alternatively as a petition for certiorari before judgment, the same is hereby denied.

JUSTICES BRENNAN, MARSHALL, and STEVENS, dissenting.

We would grant petitioner's application for a stay of execution. Our cases make it absolutely clear that where a certificate of probable cause to appeal from the denial of habeas relief has been issued, a court of appeals *must* consider and decide the merits of that appeal. A court of appeals cannot fulfill that obligation if a State is permitted to execute a prisoner prior to the consideration and decision of his appeal.

## I

On September 10, 1977, Brooks was indicted in Tarrant County, Tex., for the capital murder of David Gregory. At trial the State presented evidence that Brooks went to a used-car lot and asked to test-drive a car. He was permitted to drive the car accompanied by Gregory, an employee. Brooks picked up a friend, Woody Loudres, and drove to the motel where Loudres lived. Brooks and Loudres took Gregory into a motel room. A single shot was fired, killing Gregory.

The jury returned a verdict of guilty. In the penalty phase of the trial, the judge instructed the jury, pursuant to Tex. Code Crim. Proc. Ann., Arts. 37.071(b)(1) and (2) (Vernon 1981), to give "yes" or "no" answers to the following questions:

> (1) "Do you find from the evidence beyond a reasonable doubt that the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result?"
>
> (2) "Do you find from the evidence beyond a reasonable doubt that there is a probability the defendant

would commit criminal acts of violence that would constitute a continuing threat to society?"

The judge told the jurors that affirmative answers to both questions would result in a death sentence. Over Brooks' objection, the judge also instructed the jurors that they could not consider or discuss the effect of their answers. The jury answered "yes" to both questions, and the court accordingly imposed the mandatory sentence of death.

Following the affirmance of his conviction and sentence on direct appeal, *Brooks* v. *State*, 599 S. W. 2d 312 (Tex. Crim. App. 1979), cert. denied, 453 U. S. 913 (1981), Brooks filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Texas. On October 28, 1982, the District Court denied the petition. The District Court's order was accompanied by a 26-page opinion discussing Brooks' claims.

On November 9, 1982, the District Court issued a certificate of probable cause to appeal but denied Brooks' application for a stay of execution pending appeal. Brooks immediately filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit, and on November 12 he applied to that court for a stay of execution. In his application he described the constitutional claims that he planned to present on appeal if afforded the opportunity to do so. On November 17 the State filed a brief statement opposing the application. Oral argument on the application was held before the Court of Appeals on November 26. Later that same day, the Court of Appeals denied the application in a five-sentence order that did not dispose of the still pending appeal. Although the Court of Appeals has filed an additional opinion today, it still has not acted on the merits of the appeal.

## II

Petitioner is entitled to a stay of execution in order to protect his right to appeal the District Court's denial of habeas corpus relief. This conclusion follows inexorably from the

District Judge's issuance of a certificate of probable cause to appeal, for "if an appellant persuades an appropriate tribunal that probable cause for an appeal exists, he *must* then be afforded an opportunity to address the underlying merits." *Garrison* v. *Patterson*, 391 U. S. 464, 466 (1968) *(per curiam)* (emphasis added).

A district judge's order denying an application for habeas corpus "shall be subject to review, on appeal," so long as a judge or Circuit Justice issues a certificate of probable cause. 28 U. S. C. § 2253. In order for the district court to issue a certificate of probable cause, a petitioner must make a "'substantial showing of the denial of [a] federal right.'" *Stewart* v. *Beto*, 454 F. 2d 268, 270, n. 2 (CA5 1971), cert. denied, 406 U. S. 925 (1972); *Harris* v. *Ellis*, 204 F. 2d 685, 686 (CA5 1953). Once the certificate has been issued, the habeas petitioner is entitled to a review and decision on the merits of his appeal, according to the decisions of this Court.

In *Nowakowski* v. *Maroney*, 386 U. S. 542 (1967) *(per curiam)*, we reviewed a Court of Appeals' summary denial of a habeas petition after the District Judge had issued a certificate of probable cause under 28 U. S. C. § 2253. We unanimously concluded that the Court of Appeals had erred in denying the right to appeal and held that "when a district judge grants such a certificate, the court of appeals *must . . .* proceed to a disposition of the appeal in accord with its ordinary procedure." *Id.*, at 543 (emphasis added). See *Carafas* v. *LaVallee*, 391 U. S. 234, 242 (1968) (*Nowakowski* requires that appeal be duly considered on its merits where a certificate of probable cause has been issued).

Our decision in *Garrison* v. *Patterson, supra*, is particularly relevant. There, a habeas petitioner was under sentence of death for murder. The District Court had denied a certificate of probable cause but had granted a stay of execution to allow time to appeal from that denial. The petitioner then requested that the Court of Appeals issue the certificate and also requested from that court a further stay of execu-

tion. After a hearing, the Court of Appeals issued an order granting the certificate of probable cause. At the same time, however, the court simply affirmed the District Court's denial of habeas corpus without receiving further submissions on the merits. JUSTICE WHITE, sitting as Circuit Justice, granted a stay of execution pending review by this Court. Relying on *Nowakowski*, the full Court reversed the judgment of the Court of Appeals and remanded for further consideration of Garrison's appeal on the merits. Moreover, the Court continued the stay of execution pending the disposition of the appeal. 391 U. S., at 464.

The Courts of Appeals have consistently followed the mandate of *Nowakowski* that a court of appeals must review the merits of an appeal when a certificate of probable cause has been issued. See, *e. g.*, *Dobbert* v. *Strickland*, 670 F. 2d 938, 939 (CA11 1982) (upon issuance of the certificate "[a] review on the merits is required"); *Gross* v. *Bishop*, 377 F. 2d 492, 492 (CA8 1967) (when the certificate is issued, the court of appeals "must review"). As then-Judge Blackmun stated, *Nowakowski* requires that "when the district court issue[s] the certificate *the appellate court must indulge in a full review.*" Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F. R. D. 343, 351 (1967) (emphasis added).

As previously noted, in this case the District Court granted a certificate of probable cause to appeal on November 9, 1982. On November 12 petitioner applied to the Fifth Circuit for a stay of execution pending his appeal to that court. On November 17 the State opposed the stay of execution. The State also requested that the court require an expedited briefing schedule and determine the merits of the appeal as soon as possible, but the Court of Appeals did not grant the request. Instead, after hearing oral argument on the application for stay on November 26, the court that same day simply denied the stay in a one-paragraph order.

On this record it is manifest that the Court of Appeals did not "proceed to a disposition of the appeal," *Nowakowski, supra,* at 543, and that it clearly failed to afford petitioner an opportunity "to make his argument on the underlying issues in full." *Garrison, supra,* at 467, n. 2. Indeed, the lower court did not even order briefing on the merits under an expedited schedule as permitted by its own rules. In the absence of the appellate review that must follow from the grant of a certificate of probable cause, a stay of execution is required. Any other conclusion would eviscerate the prior holdings of this Court as to the significance of the issuance of a certificate of probable cause. "[I]f there is probable cause for the appeal it would be a mockery of federal justice to execute [petitioner] pending its consideration." *Fouquette* v. *Bernard,* 198 F. 2d 96, 97 (CA9 1952) (Denman, C. J.).

## III

For the foregoing reasons, we would grant the application for a stay of execution.