831 F.2d 231
 Jeffery Joseph DAUGHERTY, Petitioner-Appellant,
v.
Richard L. DUGGER, Secretary Florida Department of
Corrections, and Robert A. Butterworth, Attorney
General State of Florida, Respondents-Appellees.
 No. 87-3707.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 13, 1987.
 
 John P. Dean, Donovan, Leisure, Newton & Irvine, Washington, D.C., for petitioner-appellant.
 Richard Martell, Asst. Atty. Gen. of Fla., Daytona Beach, Fla., for respondents-appellees.
 Appeal from the United States District Court for the Middle District of Florida; George Kendall Sharp, Judge.
 Before RONEY, Chief Judge, HILL AND HATCHETT, Circuit Judges.
 
 BY THE COURT:
 
 1
 This case comes before the Court on Jeffery Joseph Daugherty's petition for certificate of probable cause and motion for stay of execution. Execution is set for October 15, 1987 at 7:00 a.m.
 
 
 2
 After considering the memoranda submitted by counsel, the full record, and extended oral argument, the Court concludes that the petition presents constitutional issues which are debatable among jurists of reason; consequently, a certificate of probable cause should issue. Barefoot v. Estelle, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). There is not sufficient time for full briefing and decision prior to the dates covered by the death warrant. Therefore, it is appropriate to stay the execution until the matter can be determined on the issues presented.
 
 
 3
 Because of the extensive briefing that has already occurred in this case, the Court will expedite the procedures in resolving the merits. Barefoot 463 U.S. at p. 894, 103 S.Ct. at 3395. 11th Cir.R. 22-3(a). The clerk is instructed to set the case for oral argument at an early date and issue an expedited briefing schedule.
 
 
 4
 The petition for certificate of probable cause is GRANTED.
 
 
 5
 The motion for stay of execution is GRANTED.
 
 HILL, Circuit Judge, dissenting:
 
 6
 In this case the petitioner is under a death sentence of the trial court of the State of Florida. He is seeking the writ of habeas corpus; he petitions this court for a certificate of probable cause to appeal from the district court's denial of his petition, and moves us for a stay of execution. I respectfully dissent from the decision of the majority of the panel granting the petition and motion.
 
 
 7
 "[T]he severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate of probable cause." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). For this petitioner to gain a certificate of probable cause and the stay by our court of the final judgment of the courts of the State of Florida inevitably accompanying such a certificate, it was his burden to "make a 'substantial showing of the denial of [a] federal right.' " Barefoot at 893, 103 S.Ct. at 3394, quoting Stewart v. Beto, 454 F.2d 268, 270 n. 2 (5th Cir.1971).
 
 
 8
 In my opinion, after careful review of all the motions, briefs, and record furnished to us and after extensive oral argument, petitioner has failed to carry that burden.
 
 
 9
 I should deny the petition for certificate of probable cause and the motion for a stay.