Hernando WILLIAMS, Petitioner–Appellant,

v.

James CHRANS and Neil F. Hartigan, Respondents–Appellees.

No. 94–3658.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 29, 1994.

Decided Dec. 22, 1994.

Rehearing Denied Jan. 27, 1995.

Barry Levenstam, Michael T. Brody, Jerold S. Solovy, Jeff S. Pitzer, James B. Sowerby, Charles B. Leuin, Jenner & Block, Chicago, IL, Sheldon Nagelberg, Chicago, IL, for petitioner-appellant.

Marie Czech, Asst. Atty. Gen., Chicago, IL, Sally L. Dilgart, Office of State's Atty. of Cook County, Crim. Appeals Div., Chicago, IL, Renee G. Goldfarb, Cook County State's Atty., Civ. Div., Chicago, IL, for respondents-appellees.

Before CUDAHY, RIPPLE, and MANION, Circuit Judges.

PER CURIAM.

This case is before the court on the "Emergency Motion for Summary Affirmance" filed by the respondent state officials. An opposition to the respondents' motion has been filed by the petitioner and is also before the court.

This is a second appeal to this court in this matter. The petitioner is under a sentence of death imposed by the courts of the State of Illinois and is seeking habeas relief in the federal courts. Mr. Williams' petition for habeas corpus was denied initially by the district court on July 5, 1990. *Williams v. Chrans,* 742 F.Supp. 472 (N.D.Ill.1990). After full review, this court affirmed the judgment of the district court on October 1, 1991. *Williams v. Chrans,* 945 F.2d 926 (7th Cir. 1991). A petition for rehearing with a suggestion for rehearing en banc was subsequently denied on January 30, 1992. The Supreme Court of the United States denied Mr. Williams' petition for a writ of certiorari on June 22, 1992. *Williams v. Chrans,* —— U.S. ——, 112 S.Ct. 3002, 120 L.Ed.2d 877 (1992).

Mr. Williams later filed a motion pursuant to Rules 60(b)(4) and (b)(6) of the Federal Rules of Civil Procedure. He sought to present a jury study to establish that the Illinois capital sentencing statute and the capital jury instructions imposed unconstitutional presumptions and were unconstitutionally vague.[1] In another case, *United States ex rel. Free v. Peters,* 806 F.Supp. 705 (N.D.Ill. 1992), the district court decided that the jury study established the constitutional invalidity of the Illinois capital sentencing statute and the capital sentencing instructions. Accordingly, that court granted Mr. Williams' request for a stay of execution and also stayed consideration of his motion under Rule 60. On December 21, 1993, this court reversed the judgment of the district court with respect to this issue. *Free v. Peters,* 12 F.3d 700 (7th Cir.1993). A petition for rehearing with a suggestion for rehearing en banc was denied by the court over the dissent of two judges. The Supreme Court of the United States denied a petition for a writ of certiorari. *Free v. Peters,* —— U.S. ——, 115 S.Ct. 433, 130 L.Ed.2d 345 (1994).

On November 4, 1994, the district court denied Mr. Williams' 60(b) motion and vacated its stay of execution. On November 8, 1994, it granted a temporary stay of execution of seven days. On November 14, the district court issued a certificate of probable cause. Mr. Williams filed his notice of appeal the following day.

On November 22, 1994, this court entered a stay of execution pending the resolution of Mr. Williams' appeal on the merits. *See Barefoot v. Estelle,* 463 U.S. 880, 889, 893–94, 103 S.Ct. 3383, 3392, 3394–95, 77 L.Ed.2d 1090 (1983) (noting that a petitioner is entitled to a stay of execution to permit the court of appeals to consider the merits of an appeal when a certificate of probable cause has been issued). We noted in our order granting the stay that a subsequent order would be issued setting a briefing schedule, if any, in the case. We made this latter notation to afford all of the judges of the panel ample time to study and to confer with respect to the appropriate course. Without waiting for such

---

1. We had considered the constitutionality of the statute and instructions in Mr. Williams' appeal and, relying heavily on this court's earlier decision in *Silagy v. Peters,* 905 F.2d 986 (7th Cir. 1990), *cert. denied,* 498 U.S. 1110, 111 S.Ct. 1024, 112 L.Ed.2d 1106 (1991), had held that the contentions lacked merit. *See Williams v. Chrans,* 945 F.2d 926, 933–39 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3002, 120 L.Ed.2d 877 (1992).

an order, the respondents filed the "Emergency Motion for Summary Affirmance" that is now before this court on November 29, 1994.[2] The petitioner's response was filed on December 2, 1994.

■ The rules of this court governing the conduct of proceedings in capital cases contemplate the employment of summary consideration in successive appeals. *See* Circuit Rule 22(h). Summary proceedings are, of course, an exception to our normal course of considering an appeal and, in any situation, ought to be employed only when the appropriateness of such a course is clear and only with great solicitude for the substantial rights of the parties. Summary disposition is appropriate, however, "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir. 1994). In a capital case such as this one, our circumspection ought to be particularly heightened. Nevertheless, the Supreme Court of the United States has explicitly noted that the use of summary procedures in capital cases is permitted. *Barefoot*, 463 U.S. at 889, 103 S.Ct. at 3392 (quoting *Garrison v. Patterson*, 391 U.S. 464, 466, 88 S.Ct. 1687, 1688, 20 L.Ed.2d 744 (1968) (per curiam)). When a second or successive appeal is involved, the state has a valid interest in preventing abuses of the writ. *Barefoot*, 463 U.S. at 895, 103 S.Ct. at 3395. It is, of course, imperative that the petitioner be afforded adequate opportunity to address the merits. *Id.* at 889, 103 S.Ct. at 3392 (quoting *Garrison v. Patterson*, 391 U.S. at 466, 88 S.Ct. at 1688).

■ We have examined carefully the submissions of the petitioner both in seeking a stay of execution from this court and in replying to the motion for summary affirmance that is now before us. Neither document suggests that his appeal from the denial of the motion for relief under Rule 60(b) would raise any issue other than the one that this court has decided in *Free* and upon which the Supreme Court of the United States has declined further review. Although the petitioner represents that he is currently undertaking research that he hopes will cure the defects that this court noted in the jury study, *see Free*, 12 F.3d at 705–06, that ongoing effort cannot reasonably be characterized as a matter for this appellate tribunal to address on this appeal. Accordingly, we must conclude that the appeal before us is ripe for decision and that further proceedings in this court at this point would be futile. Accordingly, the judgment of the district court denying the motion for relief under Rule 60 must be affirmed.

Affirmed.

**2.** Although we believe that the respondents acted well within their rights in requesting that this court consider summary affirmance, characterizing the pleading as an "emergency" was not appropriate. This court has in place carefully established procedures for the consideration of capital cases. The judges and the staff of the court are quite cognizant of the need for prompt, but careful and thoughtful, attention to any pleadings that are filed. In this case, a stay had been entered and the court had informed the parties that it had under consideration the appropriate method of proceeding in the consideration of the merits. Although the state had a right to a prompt consideration of the merits, it did not present the sort of situation that, given the other situations that confront us in capital cases, constituted an "emergency." Counsel are reminded that such a designation on a motion in this court is taken seriously and requires the expenditure of resources that must cover a great many cases. A more prudent use of terminology in the future is expected.