77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Eugene PASCHAL, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee.
 No. 95-6345.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 
 
 1
 Petitioner John Eugene Pascal, appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. 2254. We exercise jurisdiction pursuant to 28 U.S.C. 1291, and affirm.[3]
 
 
 2
 Petitioner currently is serving a 120 year sentence with the Oklahoma Department of Corrections. In November 1988, Petitioner pled guilty in Oklahoma state court to: (1) robbery with a firearm after conviction of multiple felonies; (2) felon in possession of a firearm; (3) concealment of stolen property; (4) second degree burglary; (5) attempted robbery with a firearm; and (6) feloniously pointing a firearm. The sentencing court relied upon Petitioner's ten prior criminal convictions to enhance his sentence.
 
 
 3
 In his petition, Petitioner challenged the convictions which the court used to enhance his sentence. Petitioner claimed he received ineffective assistance of court-appointed counsel in those cases because counsel did not advise him of his right to appeal. The district court denied the petition relying upon the affidavits of prior counsel indicating that although they had no specific recollection of advising Petitioner, their standard procedure was to inform all clients of the right to appeal.
 
 
 4
 Petitioner relies upon Jones v. Cowley, 28 F.3d 1067 (10th Cir.1994), to argue that we should remand for an evidentiary hearing on his claim. Petitioner's reliance on Jones is misplaced. In Jones, counsel filed a notice of appeal on behalf of his client, but failed to pursue the appeal for reasons that were unclear from the record. While noting that counsel is bound to a client until released, we remanded for an evidentiary hearing on the question of why counsel failed to pursue the appeal. In this case, Petitioner has offered no record proof that he was not fully advised of his right to appeal. Accordingly, we decline to order an evidentiary hearing on Petitioner's claim.
 
 
 5
 We have reviewed Petitioner's brief on appeal, the pleadings, the district court's order, and carefully examined the entire record before us Based upon our review, we conclude that the district court properly dismissed the petition.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 As a preliminary matter, we note that the district court denied Petitioner's motion for a certificate of probable cause to appeal under 28 U.S.C. 2253, because Petitioner failed to make a "substantial showing of a denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983). We grant Petitioner's motion for a certificate of probable cause and dispose of his appeal on the merits. See Garrison v. Patterson, 391 U.S. 464, 466 (1967) (court of appeals may consider questions of probable cause and merits together; full briefing and oral argument not required in every instance in which certificate is granted)