# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-3565

JOEL BUIE,

*Petitioner-Appellant,*

v.

EUGENE MCADORY,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 1034—**David H. Coar**, *Judge.*

On Motion to Vacate Certificate of Appealability

SUBMITTED NOVEMBER 1, 2002—DECIDED MARCH 12, 2003

Before POSNER, RIPPLE, and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.* Prisoners are required by 28 U.S.C. § 2253(c) to obtain a certificate of appealability from either a district court or a court of appeals as a prerequisite to appealing the denial of their habeas corpus petitions (state prisoners) or of their motions to vacate their conviction or sentence under 28 U.S.C. § 2255 (federal prisoners). The certificate must identify at least one substantial constitutional question. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Illinois prisoner

Joel Buie obtained a certificate of appealability from the district court that probably does not comply with this requirement because the constitutional issue—whether his due process rights were violated by a forensic expert's testimony that a strand of hair found at the scene of the crime for which Buie was convicted was his—appears to be an issue merely of Illinois evidence law. On this basis the respondent asks us to vacate the certificate of appealability. The request raises the question, on which the statute is silent, whether and in what circumstances such a certificate once issued can be vacated.

*Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997), rejected the argument that a certificate of appealability that complies with § 2253(c), that is, that genuinely presents a substantial constitutional question, is a jurisdictional requirement for an appeal. Our ground was pragmatic. The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals. But once the certificate has been issued, even if erroneously, and the appeal is briefed, there is nothing to be gained from revisiting the adequacy of the certificate. But the present appeal has not been briefed, and so it is less clear that we should decline to consider a motion to vacate the certificate. *Young* did not suggest that we lacked the power to grant such a motion. It held that the grant would be inappropriate in the circumstances presented, without addressing the issue of power.

*Young*'s holding, that a certificate which complies with the statute is not a jurisdictional prerequisite to an appeal, was followed by the Second Circuit in *Soto v. United States*, 185 F.3d 48, 51-52 (2d Cir. 1999); but in *United States v. Cepero*, 224 F.3d 256, 260-62 (3d Cir. 2000) (en banc), the Third Circuit rejected *Young* on the authority of *Hohn v. United States*, 524 U.S. 236, 241-46 (1998), where the

Supreme Court had held that the denial of the certificate is the resolution of a "case"—as opposed to a mere administrative function—over which the Court has statutory jurisdiction by virtue of 28 U.S.C. § 1254(1). At the other end of the spectrum, the Tenth Circuit has decided that it will *never* review already-issued certificates of appealability. *LaFevers v. Gibson*, 182 F.3d 705, 710–11 (10th Cir. 1999). It analogized them to the old certificates of probable cause, as to which the Supreme Court had said that "once a district judge grants such a certificate, the court of appeals must . . . proceed to a disposition of the appeal in accord with its ordinary procedure." *Nowakowski v. Maroney*, 386 U.S. 542, 543 (1967) (per curiam).

We are not persuaded by either *Cepero* or *LeFevers* to abandon the intermediate approach of *Young*. *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001). We do not share the Third Circuit's view that *Hohn* compels the conclusion that the issuance of a complying certificate of appealability is jurisdictional. That issuance is indeed a judicial act, but "judicial" is not a synonym for "jurisdictional." And while certificates of probable cause and certificates of appealability are similar in some respects, they differ in the pertinent respect that a certificate of appealability must identify a particular constitutional issue. *Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). Moreover, *Nowakowski v. Maroney*, the case relied upon by the Tenth Circuit in *LeFevers*, did not require full briefing on the merits; as made clear in *Garrison v. Patterson*, 391 U.S. 464, 466-67 (1968) (per curiam), courts were free to adopt summary procedures to dispose of nonmeritorious appeals in habeas corpus and section 2255 cases. See also *Barefoot v. Estelle*, 463 U.S. 880, 888-89 (1983). And at least one court had quashed improperly granted certificates of probable cause, see *Kramer v.*

*Kemna*, 21 F.3d 305, 309 (8th Cir. 1994)—the relief sought by the respondent in this case.

Since the decision in *Young*, moreover, a number of cases in this and other circuits have held or assumed that courts have the power to vacate an improperly granted certificate of appealability in appropriate cases, namely cases in which the certificate identifies only a statutory or other clearly nonconstitutional issue (or no issue at all): in other words, extreme cases. See, e.g., *Beyer v. Litscher*, 306 F.3d 504, 505-06 (7th Cir. 2002); *Ramunno v. United States, supra*, 264 F.3d at 725; *Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2001); *United States v. Marcello*, 212 F.3d 1005, 1007-08 (7th Cir. 2000); *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002); *James v. Giles*, 221 F.3d 1074, 1076-77 (9th Cir. 2000). The opposing extreme is the situation, noted in *Young* itself, in which the appeal has been fully briefed by the time the respondent gets around to moving to vacate the certificate of appealability. In the first type of case, judicial resources are conserved by granting the motion, and in the second by denying it. But there is a third type of case, illustrated by this case, in which briefing has not yet begun but the certificate has identified a constitutional issue of dubious substantiality. It is probable that Buie's appeal presents only and therefore futilely an issue of Illinois evidence law, but it is not certain; state evidentiary rulings can violate a defendant's federal constitutional rights. E.g., *Rock v. Arkansas*, 483 U.S. 44 (1998); *Webb v. Texas*, 409 U.S. 95 (1972) (per curiam). In these circumstances, it will conserve judicial resources in the long run to allow the case to be briefed rather than to worry the issue of substantiality. The motion to vacate the certificate of appealability is therefore

DENIED.

No. 02-3565                                                                              5

A true Copy:

      Teste:

                                    _____
                                   *Clerk of the United States Court of*
                                      *Appeals for the Seventh Circuit*