Steven A. MUDLOFF, Petitioner–
Appellant,

v.

Roger E. WALKER, Respondent–
Appellee.

No. 03–3473.

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.*

Decided March 31, 2004.

Mathew E. Hoffman, Hoffman & Angel-
ides, St. Louis, MO, for Petitioner–Appel-
lant.

Colleen M. Griffin, Office of the Attor-
ney General, Chicago, IL, for Respondent–
Appellee.

Before EASTERBROOK, MANION,
and EVANS, Circuit Judges.

### Order

After releasing Steven Mudloff on pa-
role, Missouri permitted him to spend his
release in Illinois under an interstate com-

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary, and the appeal is sub-
mitted on the briefs and the record. See Fed.
R.App. P. 34(a); Cir. R. 34(f).

pact that requires the receiving state's officials to follow the sending state's instructions about the duration of supervision. See § 4.102 of the Rules of the Interstate Commission for Adult Offender Supervision. Missouri informed Illinois that Mudloff's sentence does not end—and thus his parole supervision must continue—until July 14, 2004. Mudloff disagrees with that calculation of his release date and has elected to challenge it by seeking a writ of habeas corpus directed to Illinois officials. It is far from clear that the right respondent is one from Illinois rather than Missouri, the jurisdiction that has imposed the contested custody. Compare *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), with *al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir.2004). Mudloff does not contend that Illinois has imposed unjustified restrictions; instead his challenge concerns a subject that is within the control of Missouri. But it is unnecessary to pursue this issue, because there is an antecedent obstacle: appellate jurisdiction.

The district court dismissed Mudloff's petition without prejudice because he had not exhausted his judicial remedies in Missouri. He appealed, and the clerk's office told Mudloff that he did not need a certificate of appealability under 28 U.S.C. § 2253(c). The appeal has been briefed without one. The advice, based on *Walker v. O'Brien*, 216 F.3d 626 (7th Cir.2000), was erroneous. *Walker* holds that a certificate of appealability is unnecessary when a prisoner challenges the revocation of good-time credits because that administrative decision does not concern the validity or effect of the conviction. But see *Moffat v. Broyles*, 288 F.3d 978 (7th Cir.2002). Someone who disputes the terminal date of the sentence, however, has called into question "detention [that] arises out of process issued by a State court", see § 2253(c)(1)(A), and therefore needs a certificate. Section 2253(c) creates a jurisdictional rule. See *United States v. Cepero*, 224 F.3d 256 (3d Cir.2000) (en banc). Although we have disagreed with *Cepero* to the extent it holds that satisfying the substantive requirements of § 2253(c)(2) also is jurisdictional, see *Buie v. McAdory*, 322 F.3d 980 (7th Cir.2003), we have never doubted that, when § 2253(c)(1) applies, there must be a certificate as a condition to appellate review. The topic therefore is one we must raise on our own, even though the parties have ignored the issue.

Mudloff is not eligible for a certificate, which "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Whether particular remedies exist, and have been exhausted, is not a constitutional question. Substantial statutory issues may be appended to substantial constitutional ones, see *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), so we have treated Mudloff's appellate brief as an implied request for a certificate. Although he contends that the due process clause entitles him to an earlier end date, that claim is not substantial. Missouri's parole officials gave him an extra 14 months of good-time credit, precipitating his release. How good-time credits are applied— whether they speed the end of the sentence, as Mudloff believes, or just authorize earlier conditional release from an unchanged term—is a statutory rather than a constitutional matter. States could adopt either approach without violating any provision of the Constitution. Thus the standards of § 2253(c)(2) have not been satisfied.

Mudloff is not entitled to a certificate of appealability, so this appeal is dismissed for want of jurisdiction.