Larry Leon CHANEY, Petitioner-Appellant,

v.

John H. BROWN, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent-Appellee.

No. 83–1862.

United States Court of Appeals, Tenth Circuit.

July 15, 1983.

Allen M. Smallwood, Tulsa, Okl., for petitioner-appellant.

Michael C. Turpen, Atty. Gen. of Okl., David W. Lee, Asst. Atty. Gen., Chief, Federal Div., Robert A. Nance, Asst. Atty. Gen., Deputy Chief, Federal Div., Patricia M. Gerrity, Asst. Atty. Gen., Oklahoma City, Okl., for respondent-appellee.

Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.

## ORDER GRANTING STAY OF EXECUTION OF DEATH WARRANT

PER CURIAM.

The court has for consideration the appellant Larry Leon Chaney's application for a stay of execution of appellant's death warrant, the memorandum of law in support of the application for stay of appellant's death warrant, and the response of the respondent Warden thereto. In the response, the State concedes that it is futile to resist entry of a stay while the merits of this federal habeas appeal are under consideration; the State, however, requests an expedited briefing and oral argument schedule and prompt resolution of this appeal.

The court is advised that the United States District Court for the Northern District of Oklahoma has considered and denied appellant's petition for habeas corpus relief on June 30, 1983, challenging the constitutionality of appellant's first degree murder conviction and death sentence. Appellant filed a notice of appeal on July 6, 1983, to this court. The District Court on July 12, 1983, granted a certificate under Title 28, United States Code § 2253, "that there is probable cause for an appeal in this proceeding." The District Court also denied on July 12, 1983, appellant's application for a stay of execution, pending this appeal, concluding that the "petitioner's application for stay of execution of death warrant beyond July 25, 1983, is hereby denied."

■ The certificate of probable cause for an appeal having been granted, the appellant must "be afforded an opportunity to address the merits, and the court of appeals is obligated to decide the merits of the appeal. Accordingly, a circuit court, where necessary to prevent the case from becoming moot by the petitioner's execution, should grant a stay of execution pending disposition of an appeal when a condemned prisoner obtains a certificate of probable cause of his initial habeas appeal." *Barefoot v. Estelle,* —— U.S. ——, ——, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090, 33 Crim. L.R. 3275, 3279 (1983). This is appellant's first habeas appeal and the District Court's judgment was the first ruling on the merits of appellant's federal constitutional claims by a federal court.[1] The *Barefoot* opinion,

---

1. There have been denials of discretionary review by the Supreme Court of the United States in connection with appellant's earlier state court proceedings. However, the Supreme Court has admonished us that "*[t]he denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times.*" *United*

States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361 (1923) (emphasis added); see also *Hughes Tool Co. v. Trans World Airlines, Inc.,* 409 U.S. 363, 366 n. 1, 93 S.Ct. 647, 650 n. 1, 34 L.Ed.2d 577 (1973) (the view is well-settled that "denial of certiorari imparts no implication or inference concerning the Court's view of the merits...."); *Brown v.*

and other opinions of the Supreme Court cited by *Barefoot,* emphasize the duty of the courts of appeals to afford the parties an opportunity to address the underlying merits and the courts' obligation to give "due consideration of the merits." *Barefoot,* —— U.S. at ——, 103 S.Ct. at 3392, 33 Crim.L.R. at 3277–78, *see also Garrison v. Patterson,* 391 U.S. 464, 88 S.Ct. 1687, 20 L.Ed.2d 744 (1968); *Carafas v. LaVallee,* 391 U.S. 234, 242, 88 S.Ct. 1556, 1562, 20 L.Ed.2d 554 (1968); *Nowakowski v. Maroney,* 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967).

We are thus advised that the earlier stay entered by the District Court will expire by its terms on July 25, 1983. The response says that the State intends to carry out the execution "immediately upon the dissolution of any federal stay which may be in effect . . ." and that the execution "is being held in abeyance only by virtue of the pending federal stay which is due to expire on June (sic) 25, 1983." (Memorandum Response of the State at 1).

■ In view of the issuance of the certificate of probable cause for an appeal; the substantial, lengthy opinion of the District Court discussing seven issues raised by the federal habeas suit;[2] this court's obligation to give the parties the opportunity fully to address the underlying merits; this court's duty to give due consideration to the merits of the appeal; the obvious restrictions of time in the circumstances of this case; and the irreversible nature of the death penalty, we are constrained to grant the application for a stay of the execution of the death warrant, pending this appeal. *See Barefoot v. Estelle,* —— U.S. ——, ——, 103 S.Ct. 3383, 3392, 77 L.Ed.2d 1090, 33 Crim.L.R. 3275, 3279 (1983); Title 28, United States Code, §§ 1651 and 2251.

It is therefore ORDERED that execution of the death warrant for petitioner-appellant Larry Leon Chaney is hereby stayed, and that Respondent John H. Brown, Warden of the Oklahoma State Penitentiary, his agents and employees, and all persons acting by and under the authority of the State of Oklahoma, are hereby enjoined from executing said death warrant for Larry Leon Chaney, until the further order of this court.

It is further ORDERED that counsel for the parties confer to determine whether they can agree on a schedule for briefing and the filing of the opening brief of appellant, the brief of the appellee, and the reply brief of appellant. As indicated by the *Barefoot* opinion, —— U.S. at ——, 103 S.Ct. at 3392, 33 Crim.L.R. at 3279, counsel are cautioned that such briefs and the argument which the court will schedule should address fully all issues on the merits of this habeas appeal which the parties wish to raise. Counsel shall advise the Clerk of this court, within five days of the issuance of this order, of the schedule agreed on, or that counsel are unable to agree, in which event the Clerk of this court shall prescribe such briefing schedule. The original record will be retained by the Clerk of the District Court during briefing for use by counsel, and then be transmitted as directed by the Clerk of this court. The case is assigned to Calendar A for argument.

It is further ordered that duplicate originals of this order shall be transmitted to the Marshal of the United States District Court for the Eastern District of Oklahoma for service on Respondent John H. Brown, Warden of the Oklahoma State Penitentiary, and for a return thereon; such a duplicate original shall also be transmitted to the Marshal of the United States District Court for the Western District of Oklahoma for service upon Larry Meachum, Director of the Oklahoma Department of Corrections, and for a return thereon; and copies of this order shall be mailed to counsel for the parties.

IT IS SO ORDERED.

*Allen,* 344 U.S. 443, 497, 73 S.Ct. 397, 441, 97 L.Ed. 469 (1953); *Sunal v. Large,* 332 U.S. 174, 181, 67 S.Ct. 1588, 1592, 91 L.Ed. 1982 (1947); *House v. Mayo,* 324 U.S. 42, 48, 65 S.Ct. 517, 521, 89 L.Ed. 739 (1945).

2. The District Court's opinion of 92 pages discusses in detail the evidence and seven issues asserted in the federal habeas proceedings.