Charles Troy COLEMAN,
Petitioner-Appellant,

v.

John N. BROWN, Warden, Oklahoma State Penitentiary at McAlester, Oklahoma, Respondent-Appellee,

and

Larry Meachum, Director of the Oklahoma Department of Corrections, and Michael C. Turpen, Attorney General of Oklahoma, Additional Respondents-Appellees.

No. 85–1094.

United States Court of Appeals, Tenth Circuit.

Jan. 19, 1985.

Edward Munson, Tahlequah, Okl., for petitioner-appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before HOLLOWAY, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

HOLLOWAY, Chief Judge.

The court has for consideration the appellant Charles Troy Coleman's application for a stay of execution of appellant's death warrant, and exhibits submitted in support thereof. Argument by counsel was made before the undersigned judge, who has conferred on the application with Judge Logan and Judge Seymour. The court concludes as follows.

The court is advised that the United States District Court for the Eastern District of Oklahoma has considered and denied appellant's petition for habeas corpus relief on January 18, 1985. The district court denied a stay of execution also and issued a certificate of probable cause under 28 U.S.C. § 2253. A notice of appeal was filed on January 18, 1985.

■ The certificate of probable cause for an appeal having been granted, the appellant must "be afforded an opportunity to address the merits, and the court of appeals is obligated to decide the merits of the appeal. Accordingly, a circuit court, where necessary to prevent the case from becoming moot by the petitioner's execution, should grant a stay of execution pending disposition of an appeal when a condemned prisoner obtains a certificate of probable cause on his initial habeas appeal." *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). This is appellant's first habeas appeal in the federal courts in this matter, we are advised, and this ruling of the district court was the first ruling on the merits of appellant's constitutional claims by a federal court. The Supreme Court has emphasized the duty of the courts of appeal to afford the parties an opportunity to address the underlying merits and the obligation of the courts to give "due consideration of the merits." *Barefoot,* 103 S.Ct. at 3392; *see also Chaney v. Brown,* 712 F.2d 441, 443 (10th Cir.1983) (per curiam); *Sonnier v. Maggio,* 714 F.2d 20, 21 (5th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984). The district court rendered an opinion of 23 pages addressing over 30 claims made by the appellant.

■ In view of the issuance of the certificate of probable cause for an appeal; the substantial lengthy opinion of the District Court discussing numerous issues raised in the federal habeas suit; this court's obligation to give the parties the opportunity fully to address the underlying merits; this court's duty to give due consideration to the merits of the appeal; the obvious restrictions of time in light of the execution which is scheduled on January 22, 1985; and the irreversible nature of the death penalty, we are constrained to grant the application for a stay of the death warrant, pending this appeal. *See Barefoot,* 103 S.Ct. at 3392; *Chaney,* 712 F.2d at 443.

IT IS THEREFORE ORDERED that execution of the death warrant for the appellant Charles Troy Coleman is hereby stayed and that the appellee John N. Brown, Warden of the Oklahoma State Penitentiary, his agents and employees and all persons acting by and under the authority of the State of Oklahoma, are hereby enjoined from executing said death warrant

for Charles Troy Coleman, until the further order of this court.

IT IS ORDERED that this appeal be expedited; that the clerk of this court shall establish a briefing schedule and make other necessary orders for the preparation of this appeal for argument and submission at the April 15, 1985 term of this court. As indicated by the *Barefoot* opinion, 103 S.Ct. at 3392, counsel are cautioned that such briefs and the argument, which the court will schedule during the April term of court the week of April 15, 1985, should address fully all the issues on the merits of this habeas appeal that the parties wish to raise. The case is assigned to Calendar A for argument.

IT IS FURTHER ORDERED that duplicate originals of this order shall be transmitted to the United States Marshal for the Eastern District of Oklahoma for service on appellee John N. Brown, Warden of the Oklahoma State Penitentiary, and for a return thereon to this court; a duplicate original shall also be transmitted to the United States Marshal for the Western District of Oklahoma for service upon appellee Larry Meachum, Director of the Oklahoma Department of Corrections, and for return thereon to this court; and copies of this order are being mailed to counsel and delivered this date.

IT IS SO ORDERED.