986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvin PARKER, Petitioner-Appellant,
v.
Ron CHAMPION and the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 Nos. 92-6313, 92-6325.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1993.
 
 Before SEYMOUR, STEPHEN H. ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is a pro se appeal from the district court's denial of the petitioner's writ of habeas corpus.[1] In 1986, the petitioner was convicted in the District Court of Oklahoma County of first degree murder. He appealed this conviction to the Oklahoma Court of Criminal Appeals on several grounds, including insufficiency of the evidence. The Court of Criminal Appeals remanded the case for a new trial without reaching the petitioner's sufficiency of the evidence claim.
 
 
 2
 Contending that the Court of Criminal Appeal's failure to determine the sufficiency of the evidence violated the Double Jeopardy clause, the petitioner filed a writ of habeas corpus in the United States District Court for the Western District of Oklahoma seeking to enjoin his reprosecution. The district court dismissed the petitioner's writ and we affirmed. See Parker v. Parsons, Nos. 89-6329 and 90-6068 (10th Cir. June 7, 1990). The petitioner subsequently filed a writ of coram nobis to vacate the district court's judgment. The district court once again dismissed the petitioner's writ and declined to extend the time for the petitioner to file a notice of appeal. We affirmed this denial of the petitioner's motion to extend. See Parker v. Kaiser, No. 91-6256 (10th Cir. Jan 30, 1992).
 
 
 3
 The petitioner was retried in the District Court of Oklahoma County and convicted of second degree murder. Following his conviction, he filed a second appeal with the Court of Criminal Appeals. At the same time, he commenced this current habeas action in the United States District Court for the Western District of Oklahoma, alleging that his subsequent conviction violated his right not to be twice placed in jeopardy. The district court dismissed his petition on the ground that he had not exhausted his state remedies and declined to grant the petitioner a certificate of probable cause. The district court also rejected the petitioner's request for release on bail pending appeal of his habeas petition.
 
 
 4
 The petitioner is now appealing to this court the district court's denial of both his request for a certificate of probable cause and his request for release on bail. Because we agree with the district court's conclusion that the petitioner has failed to exhaust his state remedies, we also decline to grant the petitioner's request for a certificate of probable cause. Since this conclusion requires dismissal of the petitioner's appeal, we also deny the petitioner's request to be released on bail pending appeal.
 
 
 5
 Title 28, United States Code, § 2253 requires a petitioner to obtain a certificate of probable cause before appealing a final order in a habeas corpus proceeding under § 2254. Section 2253 provides that a certificate of probable cause may be issued either by the district court or the court of appeals. To receive a certificate of probable cause, a petitioner must "make a 'substantial showing of the denial of [a] federal right.' " Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quoting Stewart v. Beto, 454 F.2d 268, 270 n. 2 (5th Cir.1971), cert. denied, 406 U.S. 925 (1972)). A petitioner may satisfy this requirement by demonstrating that the denial of such a right is "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. at 893 n. 4 (quoting Gordon v. Willis, 516 F.Supp. 911, 913 (N.D.Ga.1980)) (emphasis in original). In this case, we find that the petitioner's suit fails to satisfy this standard.
 
 
 6
 A defendant challenging a state court judgment is not entitled to a writ of habeas corpus unless he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). An applicant has failed to exhaust his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). The purpose of the exhaustion requirement is to prevent disruption of state judicial proceedings and to protect the state courts' role in enforcing the rights of state prisoners by affording state courts a full opportunity to correct any alleged constitutional violations. See Coleman v. Thompson, 111 S.Ct. 2546, 2554-55 (1991); Miranda v. Cooper, 967 F.2d 392, 398-99 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992).
 
 
 7
 Here, the petitioner has clearly failed to exhaust his state remedies. The petitioner's appeal from his present conviction is still pending in the Court of Criminal Appeals. Consequently, the Oklahoma state courts have not yet had a full opportunity to address the petitioner's claim that his reprosecution and conviction constituted double jeopardy. In light of this fact, we conclude that the petitioner's request for habeas relief is without merit. Accordingly, we deny his request for a certificate of probable cause and dismiss his appeal.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We grant petitioner's motion to proceed in forma pauperis on this appeal