Hernando **WILLIAMS**, Petitioner–Appellant,

v.

James **CHRANS** and Neil F. **Hartigan**, Respondents–Appellees.

No. 95–1140.

United States Court of Appeals, Seventh Circuit.

Feb. 6, 1995 *.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 22, 1995.

---

* This opinion was originally released in typescript form.

Barry Levenstam, Michael T. Brody, Jerold S. Solovy, Jenner & Block, Sheldon Nagelberg, Chicago, IL, for petitioner-appellant.

Arleen C. Anderson, Asst. Atty. Gen., Chicago, IL for respondents-appellees.

Before CUDAHY, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

This is an appeal in a death case. Hernando Williams is under a sentence of death imposed by the courts of the State of Illinois. This is his third appeal to this court. *See Williams v. Chrans*, 945 F.2d 926 (7th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3002, 120 L.Ed.2d 877 (1992) (*Williams I*); *Williams v. Chrans*, 42 F.3d 1137 (7th Cir. 1994) (*Williams II*). We shall assume that the reader is familiar with our earlier opinions and therefore shall limit our discussion to the matters before us at the present time.

On January 6, 1995, Mr. Williams renewed in the district court his motion under Federal Rule of Civil Procedure 60(b). He submitted an affidavit describing a newly-completed study on jury confusion that, in his view, would address the infirmities in an earlier jury study criticized by this court in *Free v. Peters*, 12 F.3d 700, 706 (7th Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 433, 130 L.Ed.2d 345 (1994), and *Gacy v. Welborn*, 994 F.2d 305, 309–10 (7th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 269, 126 L.Ed.2d 220 (1993). On the basis of this subsequent study, Mr. Williams contends that the death penalty instructions used in his case must be declared unconstitutional. On January 10, 1995, the district court issued a minute order that denied, without explanation, the motion for relief. On January 12, 1995, Mr. Williams filed his notice of appeal from that decision. On the same day, he filed a petition for a certificate of probable cause and a motion for stay of execution. Both of these requests were denied, without explanation, by the district court on January 12, 1995.

On January 19, 1995, Mr. Williams filed in this court a petition for a certificate of probable cause and a motion for a stay of execution. On January 23, the district court, vacating its earlier order, granted a certificate of probable cause. Although maintaining that the certificate of probable cause is a nullity, the State has filed, in the alternative, a motion for summary affirmance of the appeal. Mr. Williams has filed an opposition to that motion. We have been advised by the parties that the Supreme Court of Illinois has set an execution date of March 22, 1995. For the reasons set forth in the following paragraphs, we dismiss the petition for a certificate of probable cause filed in this court as moot. We affirm the judgment of the district court. We deny the motion for a stay of execution.

We turn first to the petition for a certificate of probable cause. We believe that Mr. Williams is correct in his assertion that the certificate of probable cause issued by the district court is valid. *See Wilson v. O'Leary*, 895 F.2d 378, 381–82 (7th Cir.1990).

■ Our next focus must be the motion for summary affirmance of the appeal. We set forth at some length in our last opinion the criteria that must govern the appropriateness of summary affirmance of an appeal in a capital case. 42 F.3d at 1138–39. We shall not repeat that discussion here. We therefore turn immediately to an examination of the contentions of Mr. Williams. Relying on the opinion of the court in *Free*, Mr. Williams submits that it is the duty of this court to examine de novo the newly-completed juror comprehension study, a study that he believes demonstrates "the unconstitutional incomprehensibility" of the instructions given at his sentencing hearing. In this regard, he relies upon Chief Judge Posner's remark that "ultimately it is judges who must decide whether a piece of social science research has sufficient reliability to provide a permissible basis for upsetting a jury verdict. Appellate judges, not trial judges." *Free*, 12 F.3d at 706 (citations omitted).

After careful examination of this court's decisions in *Free* and *Gacy*, we believe that those cases preclude further review of the issue tendered by Mr. Williams. We cannot

escape the conclusion that those cases held, quite independently of their critique of Professor Zeisel's study, that consideration of this issue is barred by the holding of the Supreme Court of the United States in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We cannot accept Mr. Williams' contention that those cases invited the parties to undertake the sort of research contained in the new study as a permissible means to overcome the barrier which those panels saw in *Teague.* Indeed, in his dissenting opinion in *Free,* Judge Cudahy suggested the taking of further evidence to cure the infirmities in the Zeisel study noted by the majority. *Free,* 12 F.3d at 709 (Cudahy, J., dissenting). His view was not a view shared by the majority.[1]

Three members of this court dissented from the denial of rehearing en banc in *Free,* including two members of the present panel. *Free,* 19 F.3d 389, 390 (7th Cir.1994). Nevertheless, the holding of the *Free* panel that *Teague* barred relief survived scrutiny by the full court; the Supreme Court of the United States denied further review. Under these circumstances, the members of this panel are precluded by the doctrines of stare decisis and precedent from taking a position different from that articulated by the panels in *Gacy* and *Free.* Those cases state the law of the circuit. *Free v. Peters,* 44 F.3d 435, 436 (7th Cir.1994) (Cudahy, J., concurring). If Mr. Williams is to receive relief, it must come from the en banc court or from the Supreme Court of the United States.

Mr. Williams also notes that, in his motion under Rule 60(b), he sought relief on a ground "entirely unrelated to *Free* and the capital jury instructions": that he has been subjected to the "arbitrary and capricious application of judicial doctrine." To the extent that this submission is an invitation to revisit those matters that already have been decided by us, we must decline. To the extent that it seeks redress from the holdings of the Supreme Court of the United States, the argument must, of course, be addressed to the Justices of that Court. Ac-

cordingly, we must affirm the judgment of the district court.

 The last matter before us is Mr. Williams' motion for a stay of execution. Because we have determined that the judgment of the district court must be affirmed summarily, we must deny the stay.

The Clerk is directed to release this opinion in typescript form in order to afford Mr. Williams and his counsel more time to seek relief elsewhere if they deem it advisable.

PETITION FOR CERTIFICATE OF PROBABLE CAUSE DISMISSED AS MOOT

APPEAL AFFIRMED

STAY OF EXECUTION DENIED.

---

1. We also must reject the suggestion that our opinion in *Williams II* invited the submission now tendered by Mr. Williams.

\* This opinion was originally released in typescript form.