139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Margaret SPETH, Plaintiff-Appellant,
v.
CAPITOL INDEMNITY CORPORATION, Frank Zillner, Virgie
Schulte, and George Fait Defendants-Appellees.
 No. 97-2975.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 19, 1998*.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 96-C-855-C Barbara B. Crabb, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Margaret Speth, a former computer programmer, claimed that the Capitol Indemnity Corporation discriminated and retaliated against her in violation of Title VII, 42 U.S.C. § 2000e, and the Equal Pay Act. She also alleged various state law claims, including fraud, deceit, misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and wrongful discharge. She claimed she was forced to resign after she was repeatedly passed over for promotion and pay increases, and was denied additional training and opportunities that her male counterparts were not. The district court dismissed Speth's Title VII claims against the individually-named defendants, as well as her state law claims based on fraud, deceit, and misrepresentation. After depositions and discovery occurred, the district court, in a lengthy and thorough opinion, granted summary judgment for the defendants on the remaining claims.
 
 
 2
 Judge Crabb wrote an opinion in which she carefully addressed the materials relied upon by the defendants in support of their motion for summary judgment, and the opposition offered by Speth. Summary judgment for the defendants is proper unless Speth makes a showing sufficient to establish each essential element on which she would bear the burden of proof at trial. See Plair v. E.J. Brach & Sons, Inc., 105 F.3d 343, 346 (7th Cir.1997). Judge Crabb declined to consider Speth's references to allegations made in the complaint. Although Speth filed an affidavit, many assertions in it are hearsay and therefore inadmissable at trial. Other assertions amount to mere speculation. See Anderson v. Stauffer Chemical Co., 965 F.2d 397, 402 (7th Cir.1992) (citations omitted). The district court analyzed the material properly before it at the summary judgment stage, and determined as to each claim that Speth had failed to produce any evidence to establish one or more elements of the prima facie case.
 
 
 3
 Speth's thirty-page brief on appeal consists largely (16 pages) of 12 questions, labeled Statement of Issues for Review, and only six pages of Summary of Argument and Argument. Although Speth claims to present "information which shows that genuine issues exist," her attempt fails. Speth again relies upon inadmissable hearsay, and produces no authorities to challenge the ruling that the statements are hearsay and therefore inadmissable. Speth also fails to provide any authority to refute the ruling that certain incidents can not be considered because if they occurred, they had occurred more than 300 days before her administrative filing.
 
 
 4
 Speth's brief fails to demonstrate, from the record, any flaw in the district court's reasoning. "Even pro se litigants ... must expect to file a legal argument and some supporting authority." United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 673 (7th Cir.1995) (per curiam). See also Fed. R.App. P. 28(a)(6) (appellant must present a reasoned argument supported by legal authority). As we have said elsewhere: "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point. We will not do [her] research for [her]." Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990).
 
 
 5
 Speth attempts to rely, in part, on depositions that were not before the district court. On June 5, 1997, Speth deposed both Allen Schmidt and Karl Hauth. However, Speth had filed her response to the defendants' summary judgment motion on May 5, 1997. The depositions were not made part of her response or otherwise called to the judge's attention. They were not returned to this court as part of the record and we are, therefore, precluded from considering them on appeal. See Fed.R.Civ.P. 56(e).
 
 
 6
 Finally, two of Speth's assertions suggest a claim of frequent ex parte communications between Judge Crabb and the defendants' attorney, and a claim that the magistrate judge altered the record. Such claims are most unlikely, and nothing in the record supports them.
 
 
 7
 Accordingly, the decision of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)