Lori G. BROWN, Plaintiff,

v.

MESIROW STEIN REAL ESTATE, INC.,
Richard Stein, and Richard Hanson,
Defendants.

No. 97 C 6906.

United States District Court,
N.D. Illinois,
Eastern Division.

June 19, 1998.

Fay Clayton, Robert Lawrence Margolis, Robinson, Curley & Clayton, P.C., Chicago, IL, for Plaintiff.

Joseph Michael Gagliardo, Maureen Ann Gorman, Thomas Stephen Bradley, Jennifer Anne Naber, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, IL, for Defendants.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendants' Motion for Reconsideration or, Alternatively, for Certification for Interlocutory Appeal. For the

following reasons, Defendants' motion is denied.

## I. BACKGROUND

On October 2, 1997, Plaintiff, Lori Brown, filed a complaint, alleging a claim for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.,* and several state claims. On December 1, 1997, Defendants, Mesirow Stein Real Estate, Inc. ("Mesirow Stein"), Richard Stein, and Richard Hanson, moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Specifically, Defendants argued that the court lacks subject matter jurisdiction over Plaintiff's Title VII claim because Mesirow Stein was not Plaintiff's employer. In support of their argument, Defendants presented evidence to show that Plaintiff was an independent contractor, and not an employee. In response, Plaintiff presented evidence to show that she was in fact an employee for Mesirow Stein.

On April 20, 1998, the court found that the parties erroneously assumed that Mesirow Stein must meet the definition of "employer" for federal subject matter jurisdiction to exist under Title VII. Accordingly, the court converted Defendants' 12(b)(1) motion to dismiss into a 12(b)(6) motion to dismiss, and denied that motion.

On May 4, 1998, Defendants filed the present motion for reconsideration or, alternatively, for a certificate for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. DISCUSSION

### A. Motion for Reconsideration

■ " 'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.' " *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996) (citations omitted).

■ On April 20, 1998, the court concluded that Plaintiff was not required to show that Mesirow Stein qualified as her employer for subject matter jurisdiction to exist, and con-

verted Defendants' 12(b)(1) motion into a 12(b)(6) motion. Plaintiff did not argue that Defendants mischaracterized the issue of whether Mesirow Stein was an employer as a jurisdictional issue. Nonetheless, the court did not find it prudent to proceed to the merits of Defendants' 12(b)(1) motion given the importance of "giving a full hearing to those who are attempting to raise claims in federal court, even if those claims are eventually unsuccessful." *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.,* 76 F.3d 140, 144 (7th Cir.1996). "From the more pragmatic side, the way in which the facts are handled under Fed.R.Civ.P. 12(b)(1) differs significantly from the correct approach for purposes of Rule 12(b)(6)" and Rule 56. *Id.*

In converting Plaintiff's 12(b)(1) motion into a 12(b)(6) motion, the court relied on *Ost v. West Suburban Travelers Limousine,* 88 F.3d 435 (7th Cir.1996). In *Ost,* the Seventh Circuit recognized that it has previously "characterized the issue of whether a defendant is an 'employer' as a matter of a federal court's subject matter jurisdiction." *Id.* at 438, n. 1 (citing *Rogers v. Sugar Tree Prods., Inc.,* 7 F.3d 577, 579 (7th Cir.1993)). However, the Seventh Circuit stated that it is clear after its recent decision in *EEOC v. Chicago Club,* 86 F.3d 1423 (7th Cir.1996), that "a plaintiff's failure to establish that a defendant is an 'employer' does not divest federal courts of the power to hear the plaintiff's case. Rather, even when the defendant's status as an employer is in dispute, the case 'is well within the statutory grant of federal question jurisdiction.' " *Id.* (*quoting Chicago Club,* 86 F.3d at 1428); *see also Burnett v. Intercon Sec. Ltd.,* No. 97 C 3385, 1998 WL 142395, at *1 (N.D.Ill. March 24, 1998) (J. Norgle) ("As a preliminary matter, the court notes that contrary to [defendant's] assertion, [plaintiff's] failure to establish defendant as an 'employer' under the ADEA does not divest the court of subject matter jurisdiction.").

Plaintiff argues that the court erroneously relied on *Ost,* and erroneously characterized the issue of whether Defendant is an "employer" as a non-jurisdictional issue. Plaintiff argues that it is well settled that one panel of the Seventh Circuit cannot overrule

another panel of the Seventh Circuit; the court agrees. *See Williams v. Chrans*, 50 F.3d 1356, 1358 (7th Cir.1995) ("[T]he members of this panel are precluded by the doctrines of stare decisis and precedent from taking a position different from that articulated by [other] panels."). Plaintiff further argues that the Seventh Circuit's decision in *Rogers*, 7 F.3d at 579, which held that the court lacks subject matter jurisdiction unless the defendant falls within the definition of an "employer," is therefore still the law of this circuit.

■ However, "[f]or stare decisis to be applied, an issue of law must have been heard and decided. If an issue is not argued, ... the decision does not constitute a precedent to be followed in subsequent cases in which the same issue arises." James Wm. Moore et al., *Moore's Federal Practice* § 134.04[2] (3d ed.1997); *see also Horwitz v. Alloy Automotive Co.*, 992 F.2d 100, 103 (7th Cir.1993) (In rejecting plaintiff's request to overrule a prior panel's decision, the Seventh Circuit stated that the prior "panel fully considered the issues, and no subsequent developments draw the reasoning into question.").

While it is true that the Seventh Circuit in *Rogers* opined that federal subject matter jurisdiction did not exist if plaintiff failed to show that defendant met the definition of an "employer," 7 F.3d. at 579, it is questionable whether the Seventh Circuit actually "heard and decided" this issue of law. Neither the District Court or the Seventh Circuit explained why the issue of defendant's "employer" status is a jurisdictional prerequisite. *See Rogers v. Sugar Tree Products, Inc.* 824 F.Supp. 755 (N.D.Ill.1992), *aff'd*, 7 F.3d 577; *see also EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 623–24 (D.C.Cir.1997).

In *Rogers*, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. 824 F.Supp. at 758. There is no indication that the plaintiff argued that the defendant mischaracterized the issue as a matter of subject matter jurisdiction. *Id.* It is well settled in the Seventh Circuit that "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority ... forfeits the point." *Speth v. Capitol Indem. Corp.*, 139 F.3d 902 (Table), 1998 WL 104653, at *1 (7th Cir. Mar. 4, 1998) (citation omitted). Accordingly, if the parties did not argue this issue of law, subsequent panels of the Seventh Circuit are not precluded by the doctrines of stare decisis and precedent from taking a position different from that articulated by the panel in *Rogers*.[1] *Cf. Horwitz v. Alloy Automotive Co.*, 992 F.2d 100, 103 (7th Cir. 1993); *see also* James Wm. Moore et al., *Moore's Federal Practice* § 134.04[2] (3d ed.1997).

Furthermore, even assuming that stare decisis does apply, the court is not required to blindly follow *Rogers* in disregard of the more recent opinions of the Seventh Circuit. *Cf. Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir.1986) ("Ordinarily a lower court has no authority to reject a doctrine developed by a higher one.... If, however, events subsequent to the last decision by that court, or statutory changes—make it almost certain that the higher court would repudiate the doctrine if given a chance to do so, the lower court is not required to adhere to the doctrine.").

After *Rogers*, the Seventh Circuit in *Chicago Club* held that the plaintiff need not prove that defendant is an employer under Title VII for subject matter jurisdiction to exist. *Chicago Club*, 86 F.3d at 1428; *see also Ost*, 88 F.3d at 438, n. 1. This is consistent with other circuits. *See, e.g., St. Francis Xavier Parochial School*, 117 F.3d at 623–24 ("If the [defendants] are not covered under the ADA, this fact does not preclude

---

1. Defendants also rely on *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997). However, like the *Rogers* opinion, it is questionable whether the Supreme Court in *Walters* actually "heard and decided" whether plaintiff must show that defendant is an employer for federal subject matter jurisdiction to exist. *See Walters*, 519 U.S. at ——, 117 S.Ct. at 662 ("These cases present the question whether an employer 'has' an employee on any working day on which the· employer maintains an employment relationship with the employee, or only on working days on which the employee is actually receiving compensation from the employer.").

the district court from asserting jurisdiction—although of course it would be fatal to the [plaintiff's] claim on the merits."); *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261–64 (11th Cir.1997) ("[I]f an attack on subject matter jurisdiction also implicates an element of the cause of action, [*e.g.*, defendant is an employer], then: '[T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case....' ").

In *Chicago Club*, the defendant argued:

The article III courts have federal question jurisdiction over cases or controversies "arising under the Constitution, laws, or treaties of the United States." Title VII applies to, among others, employers within the definition of § 2000e(b). If the [defendant] is not an employer under § 2000e(b), then it owes no fidelity to Title VII. Because no case or controversy involving the defendant can arise under Title VII, the article III courts lack federal question jurisdiction.

86 F.3d at 1428 (citations omitted).[2]

The Seventh Circuit disagreed, and concluded that the defendant's syllogism "proves unacceptable consequences." *Id.* The Seventh Circuit explained:

[The defendant's syllogism] suggests that a plaintiff must prove, as a matter of jurisdiction under [28 U.S.C.] § 1331, that the defendant is in fact bound by the federal law asserted as a basis for the requested relief. This construction of § 1331 conflates the "arising under" and "civil action" prerequisites into a rule that would divest a district court of jurisdiction if a plaintiff were unsuccessful in proving its case. This also conflicts with the principle that parties may not consent to subject matter jurisdiction, a corollary to the rule that

subject matter jurisdiction cannot be waived. The [defendant] could have admitted to being an employer under § 2000e(b), and it would have been bound by that admission. A party may not be estopped, however, from contesting subject matter jurisdiction.

*Id.* (citations omitted). Therefore, the Seventh Circuit held that the District Court had subject matter jurisdiction unless plaintiff's claims under federal law are " 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Id.*

The Seventh Circuit's opinion in *Chicago Club* is consistent with the Seventh Circuit's general approach to jurisdictional challenges. *See, e.g., Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1316–17 (7th Cir.1997); *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.,* 76 F.3d 140, 143–44 (7th Cir.1996). Relying on a long line of Supreme Court decisions, the Seventh Circuit in *LaSalle Nat'l Trust, N.A.,* advised that "a federal court should not accept the plaintiff's word for the proposition that federal jurisdiction exists" simply because the "complaint sets forth a claim that allegedly 'arises under' federal law, and thus invokes jurisdiction under 28 U.S.C. § 1331." 76 F.3d at 143. Nonetheless, the Seventh Circuit noted that the Supreme Court, "[t]hrough its choice of language, ... made [it] clear that only the most extreme cases will fail the jurisdictional test of substantiality." *Id.*

■ ."Jurisdiction under the federal question statute is not defeated by the possibility that the averments, upon close examination, might be determined not to state a cause of action." *Turner/Ozanne,* 111 F.3d at 1317 (*citing Bell v. Hood,* 327 U.S. 678, 680–82, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The only exception to this rule is when " 'the alleged claim under the Constitution or federal stat-

---

**2.** Defendants have successfully applied this argument in other contexts as well. *See, e.g., Newman v. Boehm, Pearlstein & Bright, Ltd.,* 119 F.3d 477 (7th Cir.1997) (Plaintiff must show that a "debt" existed under the Fair Debt Collection Practices Act for federal subject matter jurisdiction to exist.); *Riebe v. Juergensmeyer and Assocs.,* 979 F.Supp. 1218 (N.D.Ill.1997) (same); *Friedman v. Rubinstein,* No. 97 C 6610, 1997 WL 757875 (N.D.Ill.Dec. 1, 1997) (Plaintiff

must show that defendant is a "debt collector" under the Fair Debt Collection Practices Act for federal subject matter jurisdiction to exist.); *Friedman v. Textron Fin. Corp.,* No. 96 C 7983, 1997 WL 467175 (N.D.Ill. Aug. 12, 1997) (same). However, for the reasons articulated in *Chicago Club,* 86 F.3d at 1428, the court submits that the better approach is to assume that jurisdiction exists under these circumstances and proceed to determine the merits of the claim.

utes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Id.* at 1317.

Because Plaintiff's claim is not "wholly insubstantial and frivolous," the court held that jurisdiction existed, and addressed the merits of Plaintiff's claim under Rule 12(b)(6). Having concluded that it was not impossible for Plaintiff to prevail "'under any set of facts that could be proved consistent with her allegations,'" the court denied Defendants' motion to dismiss. *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

Thereafter, in *Sharpe v. Jefferson Distrib. Co.,* the Seventh Circuit reaffirmed its opinion in *Ost* and *Chicago Club. See Sharpe v. Jefferson Distrib. Co.,* 148 F.3d 676, 677 (7th Cir.1998).[3] In *Sharpe,* the Seventh Circuit found that the parties erroneously assumed that the issue of whether defendant is an "employer" is a jurisdictional issue that can be resolved under Rule 12(b)(1). *Id.* ("Surely the number of employees is not the sort of question a court (including appellate court) must raise on its own, which a 'jurisdictional' characterization would entail.").[4] The Seventh Circuit opined that "[Plaintiff] present[ed] a non-frivolous claim under federal law," and that "no more is necessary for subject-matter jurisdiction." *Id.* However, because Plaintiff did not argue that the District Court erroneously resolved the issue under Rule 12(b)(1), the Seventh Circuit reviewed the District Court's finding of facts as if the plaintiff agreed to a bench trial. *Id. But see LaSalle Nat'l Trust, N.A.,* 76 F.3d at 146 (Because the District Court erroneously dismissed plaintiff's claims for want of jurisdiction, the Seventh Circuit remanded the case to the District Court to proceed on the merits); *Bd. of Educ. of Community High School Dist. 218 v. Illinois State Bd. of Educ.,* 979 F.Supp. 1203, 1206 (N.D.Ill. Sept.3, 1997) (" '[I]n such instances the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to Rule 12(b)(6) or Rule 56.' ") (*quoting Health Cost Controls v. Skinner,* 44 F.3d 535, 537 (7th Cir.1995)).

Consequently, the court concludes that it did not commit a manifest error of law by converting Defendants' 12(b)(1) motion into a 12(b)(6) motion, and denies Defendants' motion for reconsideration.

### B. Motion for a Certificate for an Interlocutory Appeal

■ Before granting a certificate for an interlocutory appeal, the court must find that its interlocutory order " 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Union Oil Co. of California v. John Brown E & C, a Division of John Brown, Inc.,* 121 F.3d 305, 311 (7th Cir.1997) (*quoting* 28 U.S.C. § 1292(b)).

■ "If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal." *Kirkland & Ellis v. CMI Corp.,* No. 95 C 7457, 1996 WL 674072, at *4 (N.D.Ill. Nov. 19, 1996). The Seventh Circuit has repeatedly affirmed that the plaintiff need not show that defendant is an "employer" for subject matter jurisdiction to exist. *See Sharpe,* 148 F.3d 676, 677; *Chicago Club,* 86 F.3d at 1428; *Ost,* 88 F.3d at 438, n. 1. Therefore, Defendants' motion for a certificate for an interlocutory appeal is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration or, Alternatively, for Certification for Interlocutory Appeal is denied.

IT IS SO ORDERED.

---

3. The court is mindful that the Seventh Circuit did not enter this opinion until after Defendants' filed the instant motion.

4. Likewise, whether the plaintiff is an employee or an independent contractor is not the sort of question the court is required to raise sua sponte.